In the Matter of the Application of JACOB WIEGAN and Others, Respondents, for a Certiorari Order against THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Constituted by and under Chapter XIV-A of the Greater New York Charter, as Amended, ▮ and Others, Appellants, and WILLIAM T. BROWNE and Another, Intervenors, Appellants.

First Department, April 11, 1930.

*Willard S. Allen* of counsel [*J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellants William E. Walsh and others, constituting the Board of Standards and Appeals of The City of New York.

*J. Philip Van Kirk* of counsel [*Kadel, Van Kirk, Trencher & Villamena*, attorneys], for the intervenors, appellants, Browne.

*Joseph Force Crater* of counsel [*Shapiro Brothers*, attorneys]. for the respondents.

SHERMAN, J. The owners of premises Nos. 157–159 West Eighty-third street in the city of New York seek to erect a garage accommodating more than five cars on that site. The superintendent of buildings denied their application for a permit. They resorted to the board of standards and appeals which issued an order varying the Building Zone Resolution so as to permit the erection of the garage. Upon certiorari this determination was annulled by the Special Term.

Between Amsterdam and Columbus avenues, Eighty-third street is zoned as a business district. In that block there are a number of small business establishments of various kinds and two garages each accommodating more than five cars, which had been in existence long before July 25, 1916, as well as a blacksmith shop, forge, storage warehouse, laundry, post office, fire engine house, etc.

The site of the proposed garage is on the north side of the street, near Amsterdam avenue, directly opposite one of the garages and within forty feet of the other.

The application before the board was based upon section 7, subdivision e, of the Amended Building Zone Resolution of the City of New York, adopted September 29, 1927, providing that in appropriate cases, after notice and hearing, the board might " permit in a business district the erection or extension of a garage or stable in any portion of a street between two intersecting streets in which portion there exists a garage for more than five motor vehicles or a stable for more than five horses which existed on July 25, 1916."

We must determine whether or not the Special Term was justified in holding that this is not an appropriate case in which to vary the use.

The board was required to take into consideration all of the facts which were developed upon the hearing, including the present character of the uses to which premises in that block are being put, as well as the need of further garages in that vicinity in view of the construction of new apartment houses to the west of Central Park and the consequent increase in demand for convenient garage facilities.

The Special Term appears to have treated the application as though it had been made solely under section 21 of such Amended Building Zone Resolution, for relief from unnecessary hardship, and held that the findings of the board " were arbitrary and unauthorized and contrary to the provisions of the charter and an abuse of the discretion vested with said Board." The record does not uphold that conclusion.

Unless the court is to substitute its judgment for that of the board, it is difficult to see how the order appealed from may be sustained. In *Lincoln Trust Co.* v. *Williams Building Corp.* (229 N. Y. 313) the court, in construing the validity of the Building Zone Resolution and the powers of municipal officials thereunder, said (p. 317): " The exercise of such power, within constitutional limitations, depends largely upon the discretion and good judgment of the municipal authorities, with which the courts are reluctant to interfere."

In *People ex rel. Werner* v. *Walsh* (212 App. Div. 635; affd., 240 N. Y. 689) this court declared that " It does not appear from the record that the board abused its discretion or acted in bad faith, or that its action was unreasonable, arbitrary, discriminatory or illegal in refusing to vary the application of the use district regulation; and in such instance we may not substitute the court's determination for that of the duly constituted municipal authority."

Applying this rule, the order appealed from should be reversed, with ten dollars costs and disbursements to the appellants, the motion to dismiss the order of certiorari granted and the determination of the board of standards and appeals confirmed, with fifty dollars costs and disbursements to the defendants constituting said board.

· DOWLING, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Final order reversed, with ten dollars costs and disbursements, order of certiorari dismissed and determination confirmed, with fifty dollars costs and disbursements to the defendants constituting the board of standards and appeals.