THOMAS F. FINN, PROSECUTOR-RELATOR-APPELLANT, v. MUNICIPAL COUNCIL OF THE CITY OF CLIFTON, RESPONDENT-APPELLEE.

Argued May 22, 1946—Decided February 10, 1947.

For the prosecutor-relator-appellant, *Aaron Heller*.

For the respondent-appellee, *John G. Dluhy*.

The opinion of the court was delivered by

FREUND, J. The prosecutor appeals from the action of the Supreme Court in dismissing a writ of *certiorari* and in discharging an order to show cause why a writ of *mandamus* should not issue, for the reasons that the court below "did not pass upon the legal questions presented" and "the ordinance which was the subject-matter of attack was actually void."

The prosecutor admits "there may be some question as to the right of the relator to appeal directly to this court upon the dismissal of the rule to show cause why a peremptory writ of *mandamus* should not issue." *R. S.* 2:83–15 provides that "where a rule to show cause why the writ should not be issued is discharged as the legal consequence necessarily resulting

from a determination by the court as to the constitutionality of any statute, \* \* \* the relator may \* \* \* take an appeal to remove the proceedings" to this court. In addition to the fact that the constitutionality of a statute is not before us for consideration, the record does not reveal any order permitting the molding of the pleadings in the *mandamus* proceedings so as to present an appealable judgment.

Mr. Justice Bodine, speaking for this court in *Intrastate Oil Co.* v. *Board of Commissioners of Orange,* 111 *N. J. L.* 354, said that:

"Since the constitutionality of a statute is not involved, the Supreme Court's refusal of *mandamus* is not reviewable in this Court."

*Reed* v. *Board of County Canvassers,* 119 *N. J. L.* 115, states the same rule of law.

Having disposed of the *mandamus* appeal, we now proceed to the consideration of the meritorious question presented on *certiorari.*

The prosecutor Finn is the lessee under a written lease for "property located at the corner of Market Street and Allwood Road, Clifton, New Jersey." Finn made application to the respondent Municipal Council "for a permit to install four 550 gallon gasoline tanks," on the property in question. The application was denied by the Municipal Council. Subsequently, Finn applied for and was allowed a writ of *certiorari,* which was dismissed, and obtained a rule to show cause why a peremptory writ of *mandamus* should not issue, which was discharged.

The prosecutor Finn challenges the ordinance as "void and for that reason the prosecutor-relator was entitled to the permit sought." The respondent argues that the ordinance under attack "is a valid regulatory provision."

The respondent contends that the writ of *certiorari* did not bring up for review the zoning ordinance upon which the action of the governing body is predicated. The ordinance is included as part of the agreed stipulation of facts and we think the parties are entitled to a determination of the fundamental issue of the validity of the ordinance in question, which the respective parties treat as a zoning ordinance.

*Payne* v. *Borough of Sea Bright,* 14 *N. J. Mis. R.* 756; *Brown* v. *Terhune,* 125 *N. J. L.* 618.

The respondent also contends that, at the time of the application for the requested permit, the Petroleum Holding Company was the owner of the land and as such owner did not consent to the granting of the permit sought by the prosecutor. The prosecutor's written lease contains the requisite consent for Finn "to make application to the City of Clifton for the necessary permits to engage in the gasoline station business" and further provides that, in the event of a refusal by the City to grant the requested permit, the "tenant (Finn) shall have the right to take such action as he may deem advisable for the purpose of enforcing the allowance of such a permit." The respondent's argument in this regard is frivolous. The prosecutor, as lessee, has sufficient standing to apply for a permit and enforce that right by *certiorari. Brown* v. *Terhune, supra; Jersey Triangle Corp.* v. *Board of Adjustment,* 127 *N. J. L.* 194.

The ordinance under attack in Section 1 prohibits gasoline service stations in residential districts. Section 2 prohibits gasoline service stations in business districts "unless permission is first obtained from the Municipal Council of the City of Clifton." Section 3 provides that "no such permission shall be granted" unless the fire and police departments "shall first certify in writing that such use will not create a fire or traffic hazard."

The ordinance, to be valid, must be sustained either under the zoning statute, *R. S.* 40:55–30 *et seq.,* or under the general police powers exercised by the Municipal Council.

The ordinance is invalid under the zoning statute, *R. S.* 40:55–30 *et seq.,* for the reason that it fails to provide for the statutory method of appeal to a board of adjustment, which is essential in the zoning scheme presented by the zoning statute. *Crescent Hill, Inc.,* v. *Allendale,* 118 *N. J. L.* 302 (at *p.* 304). The statutory requirement for a board of adjustment is by-passed in the ordinance under consideration, which was obviously not the intention of the legislature. The ordinance is not framed as a zoning ordinance under the provisions of *R. S.* 40:55–30 *et seq.*

Nor can the ordinance in question be sustained upon the theory that it rests upon the general police powers, independent of the zoning statute, for the reason that said ordinance does not lay down a sufficient norm or standard for the guidance of the Municipal Council upon which the granting or refusal of the requested permit may depend. *Phillips v. East Paterson,* 134 *N. J. L.* 161, affirmed in 135 *Id.* 203.

It would appear that the Municipal Council intended that the ordinance should represent an exercise of the police power, as distinguished from the statutory zoning authority. The reservation of control in the Municipal Council for the granting or denial of permits for gasoline service stations clearly indicates that it was not the intention of the Municipal Council to follow the zoning statute, *R. S.* 40:55–30 *et seq.*

Having reached the conclusion that the ordinance, as amended, is invalid, it becomes unnecessary to discuss the other points raised by the respective parties.

The judgment below is reversed.

*For affirmance*—HEHER, RAFFERTY, DILL, JJ. 3.

*For reversal*—THE CHIEF JUSTICE, BODINE, DONGES, PERSKIE, WACHENFELD, FREUND, McLEAN, JJ. 7.