Marcus Gr. Christ, J.
The petitioner in this article 78 proceeding seeks to review the determination of the Town Board *341 of- the Town of Hempstead which, on April 17, 1957, granted the application of County Operating Corp. for permission to install three (3) gasoline storage tanks and one (1) waste oil tank and to conduct a gas filling station and battery and tire service station on a parcel of land situated at the southeasterly corner of Atlantic Avenue and Kenneth Place in Oceanside, Town of Hempstead, N. Y.
The application for such installation and use of the premises was made under the provisions of Ordinance No. 15 relating to Flammable Liquids and article 7, section X-1.9 of the Zoning Ordinance of the Town of Hempstead. The Flammable Liquids Ordinance regulates the storing, handling or use of flammable liquids and, among other things, requires the obtaining of a storage permit from the Town Board as a condition precedent to the storage of flammable liquids. Section 7 of the Flammable Liquids Ordinance entitled ‘1 Prohibitions ’ ’ describes various conditions under which the issuance of a storage permit is expressly prohibited. That section, insofar as pertinent to this application, provides in part as follows:
“ Sec. 7. Prohibitions. No permit for a storage plant shall be issued for any building or enclosure:
* * *
‘ ‘ e. Which is situated within two hundred feet of the nearest line of any premises occupied as a hospital, sanitarium, church, school, theatre or other place of public amusement or public assembly.”
Article 7 of the Zoning Ordinance regulates the use of premises located in “Business District ”. One of the uses so regulated is that of a gas filling station and battery and tire service station. Section X-1.9 prescribes the regulations in the following terms: “ Sec. X-1.9. Gas Filling Station and Battery and Tire Service Station, when approved by the Town Board. In the event that such Gas Filling Station and/or Battery and Tire Service Station are not in operation within six months from the date of the resolution of the Town Board approving of same, such permit of the Town Board is subject to revocation. For each application for a permit for the use or operation of a gas filling station there shall be a fee of Two Hundred Fifty Dollars ($250.00).”
The respondent Town Board moves to dismiss this proceeding upon the ground that the determination was a legislative act not reviewable in an article 78 proceeding. This court so held in a similar case (Matter of Parkplain Realty Corp. v. Town Bd. of Town of Hempstead, 137 N. Y. S. 2d 474). Later deci *342 sions, however, have held that in making determinations upon applications for special exceptions under the Zoning Ordinance, the Town Board exercises judgment or discretion and that such determinations are reviewable in an article 78 proceeding (Matter of Lerner v. Young, 286 App. Div. 1109, motion for leave to appeal to Court of Appeals denied 1 A D 2d 776, 309 N. Y. 1035; Matter of Frantellizi v. Herman, 1 A D 2d 980). The motion to dismiss upon the foregoing ground is therefore denied and the court considers the proceeding on the merits.
The petitioner urges a variety of reasons why the court should annul the Town Board’s determination as being arbitrary, capricious, unreasonable and illegal. The court, after examining the record before the Town Board concludes that there was ample evidence before that body to warrant the determination it made. Certain of the reasons advanced by the petitioner for annulling the determination require comment. It is claimed that the Town Board has disregarded the prohibitions of the Flammable Liquids Ordinance quoted above. This claim is without merit. The permission granted is to install storage tanks on a plot at the southeast corner of Atlantic Avenue and Kenneth Place having dimensions of 150 feet along the southerly side of Atlantic Avenue and 100 feet along the easterly side of Kenneth Place. This parcel of land is the only land involved in this proceeding and it is clearly more than 200 feet from 1 ‘ the nearest line of any premises occupied as a * * * church”.
Another principal ground of attack is that the granting of the permits will unduly increase vehicular traffic and congestion with consequent danger to children and pedestrians attending religious instructions and services at nearby St. Anthony’s Church. The record reveals that on the southwest corner of the same intersection and directly opposite the proposed gasoline service station site there is an existing service station; that directly opposite the proposed site on the northerly side of Atlantic Avenue there exists a large supermarket and stores; that moving easterly along the southerly side of Atlantic Avenue (the same side as the proposed site is located) there are stores and other commercial establishments until the block terminates at Long Beach Road where the petitioner himself operates a gasoline service station. The record further discloses that at the northwest corner of Long Beach Road and Mahland Place there is now in existence a building described on a map made part of the record as a garage. It is thus apparent that the site in question is situated in a well-developed business area. *343 The court cannot find on the record before it that the Town Board acted arbitrarily, capriciously or illegally in exercising its discretion to grant the requested permits.
Accordingly, the petition is dismissed, without costs.
Settle order on notice.