J ames C. O ’Beiew, J.
Petitioners were denied by the respondent Town Board of the Town of Henrietta, a permit for the use of their property as, and the construction thereon of, a gasoline filling station. The property involved is situated at the southeast corner of the intersection of East Henrietta Road and Lehigh Station Road in the town of Henrietta, Monroe County, New York.
Although this property is in a district zoned commercial, the proposed construction and use is not one to which the petitioners are entitled as of right. Article VI (§ 2) of the zoning ordinance of the town permits in a commercial district, various uses as of right, but provides that this use and certain others, mentioned below, are permitted only if the Town Board, after a public hearing, grants a permit therefor. Besides the gasoline filling station, the zoning ordinance specifies as uses for which a Town Board permit is required, the following, viz.: public garage, pool and billiard room, bowling alley, dry cleaning establishment, billboard, outdoor or drive-in theatre.
*852 Petitioners do not attack the validity of the ordinance which requires a permit from the Town Board. Thus petitioners concede that the use requested requires or at least justifies special regulation and the necessity of an individual permit.
After a public hearing at which testimony was taken and exhibits received in evidence, the Town Board made findings of fact applicable to the matter and denied petitioners’ application.
The Town Board based its denial of the permit upon various grounds, including but not limited to the following: The proximity of the proposed gas station to nearby buildings, residential and commercial, with consequent increased hazard of fire from or explosion of the highly combustible materials necessarily handled at a gasoline filling station; the depreciation of nearby residential property because of the nature of the use proposed; an increased hazard to pedestrians walking in the neighborhood of this property by reason of the increased traffic of motor vehicles around and in and out of the proposed station, taking into account particularly and specifically the presence in the immediate neighborhood of a church and a civic center buildings and grounds. The board also found and noted that there were other gasoline filling stations in the area sufficient to accommodate all the needs of the traveling public.
Since the petitioners do not attack the validity of the ordinance they necessarily admit that not each and every owner of a parcel of land in a commercially zoned district in the town of Henrietta is entitled as of right to its use as a gasoline filling station. Petitioners, however, assert and respondents do not deny, that the determination of the Town Board denying petitioners’ application must have some relation to the public health, safety, morals, peace or general welfare of the community (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d 508, 522). If any one or more of the grounds above stated, upon which the Town Board denied the application, has such relation and finds support in the record, the determination of the board must be confirmed. If the determination here has no such relation but, on the contrary, was arbitrary and unreasonable, it should be annulled (Board of Zoning Appeals of Decatur v. Jehovah’s Witnesses, 233 Ind. 83, 91 [cited with approval 1 N Y 2d 522]). So much is agreed by the parties hereto and the court. The fact that this court, if it were passing upon the subject de novo, might exercise its discretion in favor of the petitioners, does not give it the right now to annul the decision of the Town Board. (People ex rel. Hudson-Harlem Co. v. Walker, 282 N. Y. 400; Matter of Levy v. Board of Standard & Appeals, 267 N. Y. 347; *853 Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, supra, p. 520.)
The petitioners attack virtually every finding made by the Town Board. I have concluded that those findings hereinbefore mentioned are supported by the evidence and are related to the safety of the public and its general welfare. We briefly discuss the various grounds upon which petitioners attack these findings.
The petitioners argue that a finding that a gasoline filling station produces any hazard from fire or explosion is not warranted. On the contrary, a considerable number of cases have held that the very nature of the business and the character of the commodities that are handled at such a station necessarily increase the danger of fire and explosion (Green Point Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534). In consequence, an order prohibiting such a use within 200 feet of certain specified buildings, such as schools, playgrounds and the like, has been held valid (Rodgers v. Village of Tarrytown, 302 N. Y. 115; Matter of Suburban Tire & Battery Co. v. Village of Mamaroneck, 104 N. Y. S. 2d 850, affd. 279 App. Div. 1084, affd. 304 N. Y. 971). In Matter of Epstein v. Weisser (278 App. Div. 668), in upholding the validity of an ordinance there under consideration, the court said of gasoline stations: “ The use is a potentially dangerous and offensive one, within a category inclusive of saloons and billboards ”. These cases we hold to be sufficient authority to justify the board in regarding as potentially dangerous from a standpoint of fire or explosion, a gasoline supply station and to consider in that connection whether or not in the exercise of discretion, the particular lot upon which petitioners propose to locate their station was proper and appropriate so far as the safety of the public was concerned.
Petitioners argue that the diminution of values of nearby residential properties which would be caused by the use proposed is a necessary consequence of these residences being located in a commercial zone. However, as has been indicated by the cases already cited, some commercial uses have a depreciating effect much greater than others, and that, it seems to us, the Town Board could properly consider. Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (1 N Y 2d 508, supra) is not authority to the contrary. There the proposed construction and use was a church and a parochial school. Although the court dismisses the objection by the town authorities that the value of neighboring residences would be depreciated by the construction of the church and school, in overruling the objection the court sharply distinguishes the situation there from the one which confronts us in this case. *854 At page 524 of its opinion the court states:(l Moreover, in view of the high purposes, and the moral value, of these institutions, mere pecuniary loss to a few persons should not bar their erection and use. ’ ’ (Italics mine.)
Petitioners challenge the propriety of the board’s considering traffic hazards in ruling upon the application for the permit, and cite in support thereof Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (1 N Y 2d 508, supra) and Matter of Small v. Moss (279 N. Y. 288). In its opinion Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton at page 525 the court holds that a denial by the Planning Board of petitioner’s application for construction of a church and school on the ground that traffic hazards were created, was improper and unwarranted by reason of the fact that the legislative authority had not granted to the Planning Board the power to deny on any such basis. In Matter of Small v. Moss, the commissioner of licenses had denied a permit to erect a motion picture theatre because of traffic congestion and parking problems. The court struck down such a denial as illegal. At page 295 of its opinion the court stated that the question to be determined was not whether the city had power to prohibit the erection of a theatre at a location where a traffic danger exists, nor was the question whether the council might confer such power upon the commissioner. The question in that case was: Had such power in fact been conferred upon the commissioner? The court held that it had not and therefore a denial on that basis assumed a delegation of authority which did not exist in fact. In our case it will be remembered that the denial of the application was made by a legislative body, viz.: the Town Board of the Town of Henrietta. It is well established that a legislative body has the power to limit or prohibit any use which it deems injurious to the public and since the power exercised is legislative, generally no standard is necessary (Matter of Larkin Co. v. Schwab, 242 N. Y. 330).
Whether the Town Board in considering the application might properly take into account the fact that there were other gasoline filling stations in the neighborhood adequate to serve the needs of the traveling public, may be more debatable. However, there is authority (Matter of Wiegan v. Board of Stds. & Appeals, 229 App. Div. 320, affd. 254 N. Y. 599) for the proposition that business authorities may properly consider the question as to how many other garages there are in a neighborhood and whether or not the public needs do or do not require additional facilities of that character. It seems that such a con *855 sideration is a proper exercise of discretion upon the part of a Town Board and here their conclusion is supported by the record.
The foregoing, while not all, are the principal objections asserted by the petitioners. I do not feel that any of the objections is tenable.
I have not forgotten that upon the oral argument there was a dispute between counsel as to whether or not petitioners would have to secure a variance before their plan could be approved, even though the use were permitted. This controversy arose by reason of the respondents’ assertion that the place at which petitioners propose to locate their “ island ” and their gasoline pumps in fact was located within the limits of New York State highway property. Petitioners deny that this was true and assert moreover that there was no evidence of this in the record to justify respondents’ claim. Respondents thereupon requested Special Term to take evidence on that subject. I have concluded that it is not necessary to consider the request to take additional evidence on this subject because I propose to affirm the determination of the Town Board on the ground that the other findings hereinbefore mentioned adequately support its determination. Accordingly and for this reason the application of the respondents to take additional evidence is denied.
The determination by the Town Board denying to the petitioners the permit requested is affirmed and the petition is dismissed, without costs. Respondents will submit order approved as to form by counsel for the petitioners; if such approval cannot be secured, form of order may be settled on five days’ written notice.