Marcus G-. Christ, J.
This is an application for an order pursuant to article 78 of the Civil Practice Act reviewing and annulling the determination of the Town Board of the Town of Oyster Bay hy which the petitioner’s application for permission to use its premises for a gasoline service station was denied.
The premises consist of a plot situated on the northerly side of Jericho Turnpike (New Route) west of the intersection of Route 107 and Jericho Turnpike at Jericho in the uninoorpor1ated area of the Town of Oyster Bay. Lying to the west of the subject parcel and sepiarated from the subject parcel by a so-called buffer zone or strip 50 feet in width along the Jericho Turnpike (New Route) frontage, is the burial ground of the Religious Society of Friends. The parcel on which petitioner sought permission to erect a gasoline service station is adjacent to the easterly boundary of the so-called buffer zone and has frontage of 110 feet along the northerly side of Jericho Turnpike (New Route); 110 feet along its westerly line; 95 feet •along its northerly boundary; and 100 feet on its easterly line. The property is situated in an “ F ” Business District and at present is vacant land.
The uses to which buildings land premises may be put in an “ F ” Business District are set forth in article VIII, section F-l of the Building Zone Ordinance. A variety of business uses are *114 permitted as a matter of right and require mo special authorization from the Town Board. Among the uses enumerated are ‘ ‘ public garages and filling stations, when permitted by the Town Board, after a public hearing ” and subject to compliance with certain requirements set forth in subdivision 19 of section F-l of the ordinance. These requirements are not in issue in the present proceeding. It is thus seen that a public garage and filling station is a use in an “ F ” Business District which the Building Zone Ordinance authorizes under stated conditions, ■the chief one of which is that permission to devote property to such use be obtained from the Town Board after a public hearing.
By a petition dated and verified July 24, 1957 the petitioner applied to the Town Board to authorize the use of the premises for a gasoline service station subject to such conditions and safeguards as the Town Board deemed appropriate. The Town Board held a public hearing on the petition on September 3, 1957. At such hearing the petitioner was represented by counsel who described the plot, the surrounding area, reviewed the recent zoning history of the area, and urged the granting of the application. The application was opposed at the public hearing by the Religious Society of Friends and by one other individual who owned property nearby. Subsequent to the hearing but before the Town Board made its decision in this matter, both objectamts withdrew their objections to the application and notified the Town Board in writing of such withdrawal. The petitioner accomplished the withdrawal of the objections by agreeing to establish a buffer zone varying from 50 to 100 feet in width and almost 400 feet in depth which would be maintained in its natural wooded state and to erect a chain link fence around three of the four sides of the buffer zone. With the ■two objectors having withdrawn their objections, the application of the petitioner was left pending before the Town Board and awaiting decision as an unopposed matter.
By a resolution adopted October 30, 1957, more than a month after the two objectors had given written notice of their withdrawal of objections, the Town Board denied petitioner’s application. Its findings were threefold: (1) that the location of the petitioner’s premises so close to the Friend’s Cemetery renders use of the plot for a gasoline service station “ singularly inappropriate”; (2) that there was under construction some 200 feet cast of the premises a gasoline service station which, with other existing- gasoline service stations, in the vicinity, were found to be ample to take care of the needs of the 'area; ¡and (3) that .the use of the premises for the purpose *115 proposed would not be in accordance with the general purposes and intent of the Building Zone Ordinance of the Town of Oyster Bay n'or tend to promote the health, safety or general welfare of the community.
The petition 'alleges that the denial of the petitioner’s application was not warranted by the facts or the law and was illegal, unjust and in disregard of the petitioner’s property rights. Petitioner further alleges that the denial was a violation of the Building Zone Ordinance and was discriminatory, arbitrary, capricious 'and deprived the petitioner of its property without due process of law.
The respondent’s answer denies the allegations of illegal, arbitrary and capricious action. By way of defense it simply 'takes the position that in acting on petitioner’s application it was performing a legislative function Which is not subject to court review in an article 78 proceeding. This purported defense is completely lacking in merit as this court had occasion to point out in its opinion in Matter of Rhodes v. Waters (15 Misc 2d 119), decided simultaneously herewith and involving the same Town Board and the same portions of the same Building Zone Ordinance. The court notes, as it did in Matter of Rhodes v. Waters, the answer’s deficiency in failing to comply with the requirements of section 1291 of the Civil Practice Act by setting forth facts to show the grounds of the action taken by the Town Board.
Although the owner of the cemetery has withdrawn its objection to the application and is completely satisfied, the Town Board has made a finding that to establish a gasoline service station at the location specified by petitioner would be 11 singularly inappropriate ”. Yet this is an area zoned for business and it may well be asked whether a bowling alley, a theatre, minor garage or motor vehicle salesroom (all uses permitted as a matter of right) would be any more appropriate.
Heretofore the Town Board granted permission for a gasoline service station at the northeast corner of the intersection of Route 107 and Jericho Turnpike. That location is now within the taking line of a highway widening project and cannot come into existence. There is an existing gasoline service station at the southeast Corner of the same intersection. This too is within the taking area and will Soon cease to exist. Indeed, it is this operating station which is seeking to relocate on the site involved in this proceeding. By resolution dated January 8, 1957 the Town Bojard granted permission for the erection of a gasoline service station approximately 325 feet easterly of the petitioner’s site. Thus, of the three service stations: *116 approved by the. Town Board only one remain's, the other two being within the taking line of the proposed highway widening program. Despite this fact, the Town Board nevertheless made la finding that there are sufficient stations in the area. Whether the Town Board might properly consider how many gasoline stations the needs of the traveling public required in this neighborhood is at least debatable (Matter of Turner v. Cook, 9 Misc 2d 850; Matter of Blumenreich Properties v. Waters, 14 Misc 2d 947). Assuming that such a factor was a proper matter for consideration by the Town Board, the facts presented in the record do not 'support the finding which was made.
Finally, the court repeats what was said in Matter of Rhodes v. Waters (supra), decided simultaneously herewith; the burden does not rest upon the petitioner to demonstrate affirmatively that what is proposed to be done will promote the health, safety and welfare of the community. The test is whether the establishment proposed will unreasonably imperil the safety of person or property. On the record presented here it seems clear that it would not.
The court therefore finds that the 'action of the Town Board in denying the petitioner’s application was both arbitrary and unreasonable. The petitioner’s request that the determination of the Town Board be annulled is granted and the Town Board is directed to issue a permit to the petitioner subject to such conditions only as the Town Board usually requires of gasoline station operators.
Settle order on notice.