Marcus Gr. Christ, J.
This is an application for an order pursuant to article 78 of the Civil Practice Act rexdewing and annulling a determination of the Tovm Board of the Tovm of Oyster Bay in which the petitioner’s application for permission to operate a gasoline filling station and garage on premises situated on the east side of Broadway between Idaho and Iowa Avenues in the unincorporated area known as North Massapequa was denied.
The premises are located in an “ F ” Business District and at present consist of vacant land. The plot is almost rectangular in shape and has the folloxving dimensions: 200.01 feet along the easterly side of Broadway; 120.81 feet along the southerly side of Iowa Avenue; 200.00 feet along its easterly boundary line and 118.87 feet along the northerly side of Idaho Avenue. The Broadway frontage of this parcel extends the full distance of the block between Idaho and Iowa Avenues.
The uses to which buildings and premises may be put in an “ F ” Business District are enumerated and described in article VHI, section F-l of the Building Zone Ordinance. Among the uses which are permitted as a matter of right and which require no special authorization from the Tovm Board are the following: shops and stores for the sale at retail of consumer merchandise and services; personal service shops such as barber shops, beauty parlors, and like services; bowling alleys; banks, theatres, offices and restaurants; undertaking establishments; minor garage; and motor vehicle sales rooms. There is also included in this enumeration of permitted uses ‘1 public garages and filling stations, when permitted by the Toxvn Board, after a public hearing; and subject to compliance with certain requirements set forth in subdivision 19 of section F-l, such requirements having to do with limiting repair work to indoor work, the set-back of pumps and other devices, the storage of fuel, oil and other substances, and the storage of automobile parts, *121 dismantled vehicles, etc. Thus, a public garage and filling station is a use in an “ F ” Business District which the Building Zone Ordinance authorizes under stated conditions, the most important of which is that permission to devote the premises to such use be granted by the Town Board after a public hearing.
By a petition dated and verified August 15, 1957, the petitioner applied to the Town Board for permission to erect and maintain a public garage and gasoline filling station on the premises hereinbefore described. A public hearing was held before the Town Board on October 1, 1957. The petitioner’s attorney and a real estate broker made statements and answered questions. The substance of what they said tended to show that a gasoline filling station would not be detrimental to the area in question which contains homes, stores, a cocktail lounge, other gasoline filling stations and automotive repair shops.
Opposition to the application was voiced at the public hearing by a representative of the builder of a development of homes, by a representative of a community improvement association in North Massapequa, and by four individual residents living in more or less close proximity to the proposed gasoline station site. These objectants made statements in which it was contended that a gasoline station would result in a depreciation of homes and create a traffic hazard. It was also contended that another gasoline station was unnecessary because there were other gasoline stations nearby.
The Town Board in its resolution denying the application stated that “ the proposed gasoline service station would not be in keeping with the character of the existing and probable development of uses of property in the immediate vicinity; that the proposed gasoline service station would tend to have an adverse effect upon the values of other properties in the immediate vicinity, the major portion of which are used for residential purposes; and that the proposed gasoline service station would not be in harmony with or promote the general purposes and intent of the Building Zone Ordinance ”.
The petition in this proceeding alleges that the denial of the petitioner’s application was not warranted by the facts or the law and was illegal, unjust and in disregard of petitioner’s property rights. It is further alleged that the denial of the application was a violation of the provisions of the Building Zone Ordinance and was arbitrary, capricious and deprived petitioner of his property without due process of law.
The answer interposed in this proceeding by the Town Board denies the petitioner’s allegations that its determination was *122 illegal, arbitrary and capricious. By way of affirmative defense the Town Board pleads that its determination to deny petitioner’s application may not be reviewed before this court by means of an article 78 proceeding. The asserted basis for this defense of lack of jurisdiction is that the action taken by the Town Board was legislative in character and therefore not subject to review in this proceeding. It should be observed, in passing, that the answer does not comply with section 1291 of the Civil Practice Act which provides, in part, that the answer ‘ ‘ must set forth such facts as may be pertinent and material to show the grounds of the action taken by the respondent which is complained of”. Despite this deficiency in the answer, the court will proceed to a consideration of the jurisdictional question raised by the matter pleaded as a defense.
"Whatever views this court may have heretofore entertained concerning the availability of an article 78 proceeding as a means for reviewing a determination of a Town .Board upon an application for a so-called special exception, it is no longer open to question that a proceeding under article 78 is an appropriate way to review such a determination (Matter of Frantellizzi v. Herman, 1 A D 2d 980; Matter of Lerner v. Young, 286 App. Div. 1109; Matter of Greenpoint Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534; Matter of St. Anthony’s Church v. Larkin, 15 Misc 2d 339; Matter of Rothstein [County Operating Corp.], 15 Misc 2d 340). The court therefore holds that it has jurisdiction to entertain this proceeding and to determine whether the Town Board’s refusal to grant petitioner’s application was arbitrary or unreasonable.
Although the answer does not contain any facts pertinent and material to show the grounds upon which the Town Board based its denial of the petitioner’s application, the court will consider the matter on the basis of the reasons set forth in the resolution of the Town Board dated October 30, 1957 which denied petitioner’s application.
There was proof presented by the petitioner that the premises are situated on a main highway which is to be widened to provide for four lanes of traffic; that other stores (some of which are vacant) and gasoline filling stations are on this highway; and that the highest and best use of the property at the present time would be that of a gasoline filling station, bio proof was presented in behalf of objectants to show that a gasoline filling station would be more detrimental to the community than any of the numerous other uses which are permitted as a matter of right in an “ F ” Business District. The claim advanced by *123 the representative of the builder of the development of homes that a gasoline station would result in a depreciation of the value of the homes to be built by his organization may be disregarded. That view was merely a conclusion expressed by one who showed no qualifications to discuss elements affecting the value of property. Moreover, it is highly probable that this property was zoned for business before the building project was begun.
Insofar as the Town Board’s determination was based upon a conclusion “ that the proposed gasoline service station would not be in harmony with or promote the general purposes and intent of the Building Zone Ordinance ” there is no factual basis in the record to support this conclusory statement. If by this statement the Town Board wished to be understood as taking the position that gasoline stations have no place in an “ F ” Business District because inconsistent with public health, safety, morals or general welfare, then the ordinance itself is a complete answer to such a view. By enumerating gasoline stations as a permitted use when approved by the Town Board, the Building Zone Ordinance clearly indicates that such a use is consistent with and in harmony with the overall zoning plan (cf. Matter of Syosset Holding Corp. v. Schlimm, 15 Misc 2d 10, mod. 4 A D 2d 766).
The denial of a permit cannot rest upon the ground that the erection of a gasoline station would represent an additional fire hazard to the neighborhood, because the record contains neither a finding to that effect nor facts which support such a finding.
An objection to the proposed gasoline station on aesthetic grounds would not provide a sufficient basis for denying a permit (cf. Matter of Presnell v. Leslie, 3 N Y 2d 384, 389).
The burden is not upon the petitioner to demonstrate affirmatively that what he proposes to do will promote the health, safety and welfare of the community. Rather, the test is that indicated in Matter of Greenpoint Sav. Bank v. Board of Zoning Appeals (281 N. Y. 534, supra), namely, will the establishment proposed imperil the safety of person or property! We take it that in applying this test the rule of reason applies. That is to say, a denial of an application must be based upon a finding that the presence of a gasoline station would unreasonably imperil the safety of person or property.
The record here does not contain facts, either adduced by way of proof or stated as within the knowledge of the Town Board, to show that a fire hazard existed warranting denial of *124 the permit; or that a gasoline station would have a greater adverse effect on the surrounding area than any of the numerous business uses unqualifiedly permitted in an “P” Business District; or that the proposed gasoline station would not be in harmony with or promate the general purposes and intent of the Building Zone Ordinance. In such circumstances the court must find that the Town Board was arbitrary and unreasonable in denying petitioner’s application.
The petitioner’s request that the determination of the Town Board be annulled is granted and the respondent Town Board is directed to issue a permit to the petitioner subject to such conditions only as the Town Board usually requires of gasoline station operators.
Settle order on notice.