Mamo Pittoxi, J.
Application for an order pursuant to article 78 of the Civil Practice Act, reviewing and annulling a determination of the respondents wherein the petitioners were denied permission to use premises on the north side of Hempstead Turnpike, about 535 feet east of Cherry Valley Road, in West Hempstead, for a motel,
The subject property is in a district zoned for business. According to the Building Zone Ordinance of the Town of Hemp-stead (§§ X-1.14; Z-5.0, subd. 11) premises in a business district may be used for a motel when approved by the Board of Appeals.
While the respondents have some discretion, that discretion must be exercised within the standards and guides laid down by the Town Board (Matter of Bologno v. O’Connell, 7 N Y 2d 155).
The petitioners allege and contend that the respondents were arbitrary and unreasonable in making their determination. The respondents have served an answer which does not comply with the requirements of section 1291 of the Civil Practice Act, i.e., the answer does not “ set forth such facts as may be pertinent and material to show the grounds of the action taken by the respondent ”. Moreover, the respondents have not served with the answer ‘ ‘ afidavits, made by a person having knowledge of the facts, or other written proof, showing such evidentiary facts as shall entitle him to a trial of any issue of fact ’ ’, as required also by section 1291. Therefore, the matter may be disposed of by the court as upon a motion for summary judgment (Matter of Galuppi v. New York State Liq. Auth., 12 A D 2d 987; Matter of Lemir Realty Corp. v. Larkin, 8 A D 2d 970).
The return accompanying the answer reveals that the respondents in their decision denying the application made certain findings. Under section Z-1,0, of the Building Zone Ordinance there are enumerated the various findings which must be made before the respondents may give their approval for a special use, but a finding must be based on the evidence (Matter of Young Men’s Christian Assn. v. Burns, 13 A D 2d 1009). The court has examined the return and finds no evidence to support the findings made.
The return reveals that at the hearing numerous residents appeared and opposed the erection and use of a motel for various *935 reasons such as (1) being unnecessary for the residents, (2) a possible source of immoral activities, or (3) a danger to the children of the community. Petitions containing the signatures of other residents and letters revealing the sentiments of school principals, civic associations and others were submitted in opposition. The petitioners herein produced an expert who testified to the need for a motel to serve the needs of the business community in which it would be located, to the absence of any adverse effect on the property values of the area, and to the use of the surrounding properties and other properties along Hempstead Turnpike. It appears further that the motel would contain 44-room units with off-street parking for at least 44 vehicles. There was no evidence to show any greater danger to the children of the community from automobiles entering or leaving the premises than would exist were a club, fraternity house or lodge, store, restaurant, bowling alley, electrical shop, dry-cleaning or undertaking establishment located on the premises— all of which are uses expressly permitted in a business district. Insofar as the size of the plot for the intended use or the safety of the future occupants is concerned, no discussion whatsoever was held or any objection made at the hearing on those matters. Moreover, in view of the expressly permitted uses wherein the occupants would also be subject to whatever danger exists from being adjacent to a lumber yard, the court can visualize no greater danger from the proposed use.
Perhaps the respondents were swayed by the number of objectors. However, we must keep in mind that ours is a government of law and not of men; and that decisions, especially where property rights are protected by Constitutions and laws, must be based upon such laws and not upon sympathy or public opinion.
In the absence of a zoning ordinance a property owner has the right to make any use of his premises not amounting to a public nuisance. By statute the Town Board, the legislative body of the Town of Hempstead, has been authorized to adopt ordinances restricting the use of property for the purpose of promoting the health, safety, morals, or the general welfare of the community (Town Law, § 261). The Town Board has provided that a motel is a use consistent with and in harmony with the other uses permitted in a business district. Here, the subject property fronts on a heavily trafficked business street— a traffic count shows 27,000 moving vehicles in 24 hours. There are commercial or industrial uses being made of all properties bordering the petitioners ’ land. All along Hempstead Turnpike, in this area, the prevailing use is for business purposes. If *936 the premises involved may not be used for a motel in this area, it is difficult to conceive of an area within the business community where it would be proper. To quote from Mr. Justice Christ, who wrote on a similar problem but involving gasoline stations, “By enumerating gasoline stations as a permitted use when approved by the Town Board, the Building Zone Ordinance clearly indicates that such a use is consistent and in harmony with the over-all zoning plan (cf. Matter of Syosset Holding Corp. v. Schlimm, 15 Misc 2d 10, mod. 4 A D 2d 766) ”. (Matter of Rhodes v. Waters, 15 Misc 2d 119, 123.)
Accordingly, it must be held that the evidence is not sufficient to provide a reasonable basis for the denial of the permit. Application is granted to the extent of annulling the respondents’ determination and directing the issuance of a permit for the use of the premises as a motel.