■ PERCY LAVERE, Appellant, v. BOARD OF ZONING APPEALS OF THE CITY OF SYRACUSE, Respondent.— Judgment insofar as it dismissed the petition unanimously reversed on the law, with costs, and motion to dismiss petition denied; otherwise judgment affirmed. Memorandum: In an article 78 proceeding brought to test the legality of a variance granted by the Board of Zoning Appeals of the City of Syracuse, Special Term granted respondent's motion to dismiss the petition on the ground that petitioner, who lived adjacent to the subject premises, was not a " person aggrieved " in that he was a month-to-month tenant and thus had no standing. The motion should have been denied. A tenant has property rights in the demised premises sufficient to qualify as a person aggrieved within the meaning of CPLR article 78 and article 5 of the Revised General Ordinances of the City of Syracuse (cf. *Daub* v. *Popkin*, 5 A D 2d 283, affd. 4 N Y 2d 1024). The Supreme Court of Pennsylvania has held similarly in *Nicholson* v. *Zoning Board of Adjustment* (392 Pa. 278) and *Richman* v. *Philadelphia Zoning Board of Adjustment* (391 Pa. 254). Zoning regulations and ordinances are enacted in the public interest and for the public good, and are designed to preserve the character of zoned areas from encroachments of uses which devaluate living conditions. The respondent board's fear that this determination will bring a flood of peti-

tions in zoning matters seems to us groundless. In all such cases petitioners must show an interest sufficient to give them standing to participate. We find that a lessee has the requisite possessory interest in the demised premises to permit him to participate in the destiny of his neighborhood. (Appeal from judgment of Onondaga Special Term dismissing proceeding to vacate determination of Zoning Board.) Present — Marsh, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.