In the Matter of JOSEPH MUCCI et al., Appellants, v TOWN OF EASTCHESTER et al., Respondents, and LOUIS W. BAUMAN et al., Intervenors-Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Eastchester which, after a hearing, revoked a building permit, petitioners appeal from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated August 27, 1984, which dismissed the proceeding on the merits.

Judgment affirmed, without costs or disbursements.

The main issue raised on this appeal is whether under the Zoning Ordinance of the respondent Town of Eastchester, a dwelling intended to be occupied by petitioners as their residence and designed with duplicate housekeeping facilities on the first and second floors qualifies as a one-family dwelling. Petitioners Joseph and Mary Mucci are the parents of petitioner Audrey Marutollo, who is the wife of petitioner Anthony Marutollo. The real property at issue is located in a one-family residence zoning district and is owned by respondent J. De Benedictis & Sons Building Corp. (hereinafter De Benedictis). Petitioners entered into an agreement with De Benedictis for the purchase of the lot and the construction thereon of a "mother-daughter" type residence for a purchase price of $270,000. In July 1983, the Building Inspector of the Town of Eastchester issued a building permit after De Benedictis filed architectural plans for the proposed building and an affidavit by the petitioners which stated in substance that they would reside at the premises as a single family. In the affidavit, petitioners requested a permit permitting the construction of a second kitchen. They also stated that they agreed to remove the second kitchen if this would become necessary because of a change in title. The plans for the residence indicated that the first and second floor would both contain the following: a kitchen, a master bedroom and at least one additional bedroom, bathrooms, a living room and a dining room. However, the structure had only one main entrance, an interior, open staircase for access to each floor, one heating system, and common utility lines.

Construction commenced shortly after the issuance of the permit. In August 1983, landowners adjoining the subject parcel filed an appeal to the respondent Zoning Board of Appeals of the Town of Eastchester (hereinafter the board) challenging the Building Inspector's issuance of the building permit on the ground that the structure was not intended for use as a one-family residence. On August 19, 1983, a "stop-work" notice was served by the building inspector upon respondent De Benedictis and construction ceased.

On September 13, 1983, following a public hearing, the board rendered a determination revoking the building permit. Petitioners and respondent De Benedictis then commenced a proceeding pursuant to CPLR article 78 in the Supreme Court, Westchester County, to review the determination. By an indeterminate order of that court (Stolarik, J.), entered October 28, 1983, the petitioners were permitted to complete the exterior of the house. By judgment dated March 12, 1984 (Stolarik, J.), the court, *inter alia,* annulled the determination dated September 13, 1983, and remitted the matter to the board for reconsideration and the making of findings of fact as required by the Zoning Ordinance. The court also ruled that the adjoining landowners had standing to appeal the issuance of the subject permit to the board, that the board had jurisdiction to hear the appeal, and that the board's proceedings were lawfully conducted.

On April 24, 1984, the board conducted a second public hearing and again determined that the permit should be revoked after finding the following: "Considering all the factual evidence, such as two kitchens and the contemplated use of the house, it is at best, a two family house". Petitioners then instituted this second proceeding pursuant to CPLR article 78, which was dismissed on the merits by the judgment appealed from.

Based upon a review of the record, we find that the determination of the board is rational under the relevant provisions of the Town of Eastchester Zoning Ordinance and substantiated by the evidence. Petitioners have failed to demonstrate that the board abused its discretion, or that its decision was arbitrary and capricious (*Matter of Fiore v Zoning Bd. of Appeals,* 21 NY2d 393, 396; *cf. Matter of Baskin v Zoning Bd. of Appeals,* 40 NY2d 942).

We have reviewed petitioners' remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.