■ JEWISH BOARD OF FAMILY & CHILDREN'S SERVICES, INC., Respondent, v ZONING BOARD OF APPEALS OF THE VILLAGE OF BRIGHTWATERS, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Brightwaters (hereinafter the zoning board), dated May 13, 1985, which, after a hearing, denied the application of the Jewish Board of Family and Children's Services, Inc. for a zoning variance to install a second kitchen on the subject premises, the zoning board appeals from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), entered May 20, 1986, which (1) annulled the determination of the zoning board, (2) directed that the zoning board reverse the decision of the building inspector denying a building permit, and (3) directed the building inspector to issue a building permit for the installation of the second kitchen.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed and the proceeding is dismissed on the merits.

The zoning board properly entertained the petitioner's application for a variance to install a second kitchen in a single-family residence occupied by the members of a group home for teen-age girls. Where the zoning ordinance is silent on the issue of standing, the fact that the lessee occupied the subject premises for approximately eight years indicates its interest

in the property and accords it standing as an applicant for a building permit or a zoning variance *(Lavere v Board of Zoning Appeals,* 39 AD2d 639, 640, *affd* 33 NY2d 873).

The record supports the determination that a building permit to allow installation of a second kitchen in a dwelling located in a single-family residence district was properly denied. Based upon the definitions of "family" and "single housekeeping unit" *(see,* Brightwaters Code § 41-2 [B]) and upon the building plans which demonstrated that the proposed addition would result in the creation of a living area which contained everything necessary for a second housekeeping unit, the building inspector reasonably concluded that the renovation would result in a residence with more than a single housekeeping unit in derogation of the ordinance *(see, Matter of Mucci v Town of Eastchester,* 109 AD2d 884; *Matter of Ostroff v Sacks,* 64 AD2d 708, 709).

The petitioner failed to demonstrate that the decision of the zoning board denying a variance to permit installation of the second kitchen was arbitrary and capricious *(see, Matter of Fiore v Zoning Bd. of Appeals,* 21 NY2d 393, 396, *rearg denied* 21 NY2d 1040; *cf., Matter of Baskin v Zoning Bd. of Appeals,* 40 NY2d 942). The desire of the "houseparents" employed to manage the group home to have a private kitchen so that they might entertain guests, consume nonkosher food, and get away from the foster children is a purely personal problem which does not support the granting of a use variance *(see, Matter of Hickox v Griffin,* 298 NY 365).

There is no evidence that the zoning board's decision was influenced by partisan opposition to the existence of the group home. The effect of a petition submitted to the zoning board in opposition to the granting of the variance and of the attendance at the hearing of several opponents to the petitioner's application is purely speculative *(see, Matter of Mollineaux v Michaelis,* 29 Misc 2d 933, *affd* 16 AD2d 697). The decision of the zoning board should not be condemned simply because it is in accordance with the position taken by the residents of the affected area.

Under the circumstances, the Supreme Court should not have annulled the determination of the zoning board *(see, Matter of Ft. Greene Assocs. v Murdock,* 249 App Div 622). Mangano, J. P., Bracken and Niehoff, JJ., concur.

Eiber J., dissents and votes to affirm the judgment appealed from, with the following memorandum. Contrary to the conclusions of my colleagues in the majority, I believe that a

variance should have been issued to the petitioner so as to permit the maintenance of an additional kitchen facility to be utilized by the "houseparents" who supervise the activities of the 11 teen-age residents of the group home.

The kitchen facility for which the petitioner seeks approval consists of a small stove, refrigerator and sink occupying an area of approximately 2 feet by 6 feet. This area had previously been utilized as a closet.

Following a public hearing, the Zoning Board of Appeals of the Village of Brightwaters (hereinafter the zoning board), unanimously denied the petitioner's request for a use variance. In so ruling, the zoning board stated: "[T]he evidence failed to disclose any valid reason such as practical difficulty or unnecessary hardship which would warrant the granting of the variance sought. The granting of the variance would be a substantial detriment to the character of the neighborhood and village which is in a single family residence district".

I find no factual support in the record to justify the conclusions reached by the zoning board.

In its quest to obtain approval for the installation of the additional kitchen appliances, the petitioner elicited testimony to the effect that the teen-age residents were required, by the rules and regulations of the group home, to adhere to a fixed schedule for meals. Moreover, their selection of foods was circumscribed by the tenets of the Jewish religion and further limited by a menu prescribed by the State. The houseparents, who attended classes on a part-time basis, were unable to adhere to the regimented schedule for meals imposed upon the teen-agers. Although the houseparents were free to utilize the main kitchen at any hour, Mrs. Brandt, a houseparent, testified that this was difficult because: "working in the home you have to be a role model. I wouldn't want any kids to make sandwiches at 10:00 o'clock at night * * * so * * * I can't make a sandwich at that hour because my kids would want to do that".

Mrs. Brandt, during the course of her testimony, additionally noted the hardships involved in being unable to prepare and consume nonkosher foods or foods other than that prescribed by the State. She also indicated that it was difficult to entertain guests in the group home, absent separate kitchen appliances, because the presence of these guests in the main kitchen would be disruptive to the teen-age residents.

Although the majority tends to minimize the hardships alluded to by Mrs. Brandt by characterizing her testimony

regarding the need for a separate kitchen facility as a "purely personal problem", I believe that the petitioner has satisfied its burden of demonstrating that not only practical difficulties but unnecessary hardships would result from the denial of its application for a variance. It is readily apparent that the plight of the houseparents is due to the unique circumstances involved in successfully managing a group home. Moreover, the complexion of the neighborhood would in no way be altered if the petitioner were granted permission to maintain three additional kitchen appliances in a small and isolated section of the home. I fail to see how the installation of kitchen appliances detracts from the values which one-family zoning is intended to promote.

Though I am cognizant of the fact that control of parking and traffic problems, control of population density and prevention of noise and disturbance are legitimate concerns of a zoning board and the community, the suggestion that these concerns are implicated herein is unconvincing. There is not a shred of evidence in the record, other than sheer speculation on the part of the zoning board, that the maintenance of the kitchen facility will exacerbate traffic conditions, increase population density or adversely affect any of the other interests asserted by the respondent. The zoning board should not, under the guise of protecting these interests, undertake to regulate the right of the houseparents to entertain guests nor may it apply completely arbitrary restrictions which ignore the practical realities of daily living in a group home.