**FRANK HARDIE ADVERTISING, INC., Appellant,**

v.

**CITY OF DUBUQUE ZONING BOARD OF ADJUSTMENT, Appellee.**

No. 92–834.

Supreme Court of Iowa.

June 16, 1993.

Brendan T. Quann and Stephen C. Krumpe of O'Connor & Thomas, P.C., Dubuque, for appellant.

James A. O'Brien of Conzett & O'Brien, Dubuque, for appellee.

Considered by LARSON, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

Appellant, Frank Hardie Advertising, Inc., challenges a district court order denying Frank Hardie's petition for writ of certiorari. The petition sought a reversal of the decision of the appellee, the City of Dubuque Zoning Board of Adjustment, which dismissed Frank Hardie's application for a zoning variance. The zoning board dismissed the application because Frank Hardie is not the owner of the real estate subject to the requested variance, but merely leases a small portion of the land and owns a sign erected on this portion. We reverse and remand for further proceedings.

Frank Hardie Advertising, Inc. is an advertising firm which owns outdoor advertising signs erected in the city of Dubuque. One of these signs stands on land owned by Lyle Whalen, who operates his business there. Frank Hardie's sign is supported by three flange steel beams which are embedded ten to fifteen feet into the land. Frank Hardie rents this space from Whalen under a lease which contains an option to renew.

The sign is currently twelve feet by twenty-four feet, with a height of sixty-five and one-half feet. Since the sign was erected, a zoning ordinance was adopted which limits structure height to fifty feet. Therefore, the sign now stands as a nonconforming use.

This dispute arose when Frank Hardie and Whalen agreed to relocate the sign to another part of Whalen's property. As owner of the underlying real estate, Whalen applied for a variance to the City of Dubuque Zoning Board of Adjustment. In addition to his request to move the sign, Whalen proposed to increase its size to fourteen feet by forty-eight feet, keeping the same height of sixty-five and one-half feet.

The zoning board tabled Whalen's request for a variance on the ground that no hardship existed for the property owner since Whalen could still make reasonable use of the property without the variance. The zoning board tabled Whalen's request "until corporation counsel can render an opinion as to whether the owner of a structure can request a variance."

Frank Hardie then proceeded to apply for the same variance. The City of Dubuque Office of Planning Services refused to process its application. City of Dubuque Code section 5–3.5 (1991) reads, "[a]ny per-

son owning property may apply for a variance from the literal enforcement of the bulk regulation provisions including parking and sign requirements of this ordinance for the property or structure involved." The planning services staff decided that Frank Hardie was precluded from consideration because it was not a "person owning property."

Frank Hardie appealed this administrative decision to the zoning board. The zoning board agreed with the planning staff that only the owner of the real estate subject to the requested variance had standing to apply. The district court affirmed the zoning board's decision and denied Frank Hardie's petition for writ of certiorari.

■■■ The petition derives from Iowa Code section 414.15 (1991), which authorizes any person aggrieved by a decision of the zoning board to present to a court of record a petition specifying the grounds of illegality. Our review of the denial of the petition for writ of certiorari is at law. Certiorari is available where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have acted in excess of jurisdiction or illegally. *Erb v. Iowa State Bd. of Public Instruction*, 216 N.W.2d 339, 342 (Iowa 1974); Iowa R.Civ.P. 306. Certiorari is an action at law and review by an appellate court is limited to determining whether the district court properly applied the law to the controversy before it. *City of Des Moines v. Iowa Dist. Court*, 428 N.W.2d 292, 296 (Iowa 1988).

The issue presented in this appeal is narrow, being limited to whether Frank Hardie as a lessee of land and owner of personal property has standing to request a variance from the zoning ordinance. The merits of Frank Hardie's request for a variance have not been addressed by any administrative agency or the district court and are not presented in this appeal. The relief sought by Frank Hardie is to be able to apply for a variance to the zoning board and obtain a decision on the merits.

The zoning board derives its authority through Iowa Code chapter 414, which authorizes city zoning. Under that aegis the city adopted an ordinance, Dubuque Code section 5–3.5, stating:

Variance Procedure

(A) Application.

Any person owning property may apply for a variance from the literal enforcement of the bulk regulation provisions including parking and sign requirements of this ordinance for the property or structure involved.

The zoning board has adopted the position that under chapter 414 and the ordinances created by the city thereunder, only an owner of real estate has standing to apply for a variance from zoning. Lessees of land, even long term, with the possible exception of a ninety-nine year lease, would not be permitted to apply. Reliance for this interpretation is gained from the language used in chapter 414 and the Dubuque Code. The argument is that section 414.7 grants the right to petition to modify a restriction on property to "any property owner aggrieved." A distinction is drawn from the language of section 414.10, which authorizes appeals to the zoning board "by any person aggrieved." Thus, the claim is made that Frank Hardie is an "aggrieved person" for purposes of section 414.10 and this appeal but is not a "property owner" with standing to apply for a variance. Since Dubuque Code 5–3.5 also refers to a "person owning property," the same argument is made for construing this ordinance.

Frank Hardie counters these arguments by referring to Iowa Code section 4.1(10) which states:

In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute:

. . . .

10. *Property*. The word "property" includes personal and real property.

Citing various code sections that specify real or personal property, Frank Hardie's argument is that if section 414.7 was intended to apply only to owners of real property, the legislature would have said

so. Also, chapter 414 regulates matters of concern as much to personal property owners as real property owners such as the height, number of stories, size of buildings and other structures, and density of population.

Consistent with this view is Frank Hardie's interpretation of the scope of Dubuque Code section 5–3.5. That section permits any person owning property to apply for a variance from enforcement of sign requirements for the property or structure involved. Hardie reasons that to interpret this section as limited to real property owners, as urged by the zoning board, renders the language "or structure involved" a redundancy. This result would conflict with our oft cited principle that "a statute should not be construed so as to make any part of it superfluous unless no other construction is reasonably possible." *Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue*, 301 N.W.2d 760, 765 (Iowa 1981).

■ Courts have analyzed the meaning of "aggrieved party" by articulating a standing test. In *City of Des Moines v. Public Employment Relations Board*, 275 N.W.2d 753, 759 (Iowa 1979), our court decided on a two-part test for aggrievement for purposes of appealing an administrative order. First, the party claiming aggrievement must have a specific, personal and legal interest in the subject matter of the decision. Second, that interest must be injuriously affected by the decision. The Connecticut court applied this test in determining that an applicant had standing to apply for a car dealership license although he did not own the real estate where the business would be located and was not even a lessee. *DiBonaventura v. Zoning Bd. of Appeals*, 24 Conn.App. 369, 588 A.2d 244, *cert. denied*, 219 Conn. 903, 593 A.2d 129 (1991). *See also Primerica v. Planning & Zoning Comm'n*, 211 Conn. 85, 558 A.2d 646 (1989).

Although there is authority to the contrary in a few cases principally involving oral leases or tenancies at will or sufferance, a lessee has generally been regarded as having sufficient standing to apply in his own right for a variance or special permit as to the leased property or to appeal from the denial thereof.

82 Am.Jur.2d *Zoning and Planning* § 299, at 859. *See Shell Oil Co. v. City and County of San Francisco*, 139 Cal.App.3d 917, 189 Cal.Rptr. 276 (1st Dist.1983) (lessee is the owner of the right to use the property for purposes of seeking conditional use permit); *Martin Marietta Aggregates v. Board of County Comm'rs*, 5 Kan.App.2d 774, 625 P.2d 516 (1981) (holder of an option to lease real estate for purpose requiring special use permit had standing to file application for special use permit); *Finn v. Municipal Council of Clifton*, 136 N.J.L. 34, 53 A.2d 790 (1947) (lessee of property for business purpose had sufficient standing to request permit for structure necessary to carry out business); *Board of Adjustment v. Shanbour*, 435 P.2d 569 (Okla.1967) (holder of option to lease, contingent upon obtaining approval of variance, had sufficient standing to apply for a variance in his own name); *Poster Advertising Co. v. Zoning Bd. of Adjustment*, 408 Pa. 248, 182 A.2d 521 (1962) (lessee had sufficient standing to apply for variance from zoning restriction to erect outdoor advertising signs); *Richman v. Philadelphia Zoning Bd. of Adjustment*, 391 Pa. 254, 137 A.2d 280 (1958) (tenant has sufficient interest in property to be seriously aggrieved and affected by any action of a zoning officer regarding the premises occupied under the lease, and therefore has the right to apply for a variance even if the owner does not join in the application); *Ralston Purina Co. v. Zoning Bd. of Westerly*, 64 R.I. 197, 12 A.2d 219 (1940) (lessee had sufficient interest in leased premises to apply for building permit without joining the owners of the affected property).

In *Jewish Board of Family and Children's Services, Inc. v. Zoning Board of Appeals*, 141 Misc.2d 874, 535 N.Y.S.2d 290 (1986), *rev'd*, 135 A.D.2d 859, 522 N.Y.S.2d 951 (1987), *and lower court judgment reinstated*, 73 N.Y.2d 734, 532 N.E.2d 98, 535 N.Y.S.2d 592 (1987), a New York appellate court held that a social service group which leased a building for use as a group home had standing to seek a variance from a

zoning ordinance and challenge the decision of the zoning board to deny its application for a variance to install a second kitchen.

Even a month-to-month tenancy has been held to have a sufficient interest in the rented property to qualify as a "person aggrieved" who could challenge the legality of a variance granted with respect to an adjacent building. *Lavere v. Board of Zoning Appeals*, 39 A.D.2d 639, 331 N.Y.S.2d 141 (1972), *aff'd*, 33 N.Y.2d 873, 307 N.E.2d 559, 352 N.Y.S.2d 442 (1973). In *Mignatti Construction Co. v. Bucks County Zoning Hearing Board*, 3 Pa. Commw. 242, 281 A.2d 355 (1971), the commonwealth court of Pennsylvania held that an applicant for a variance to permit use of land as a stone quarry, who did not own or lease the proposed quarry, had standing to apply for the zoning variance and to litigate the refusal of the zoning hearing board to grant the variance.

The zoning board cites practical problems as a further reason for restricting applications for a variance to owners of real estate. These are the short-term nature of a tenant's interest in real estate and the difficulty in dealing with a multiplicity of applications for tenant variances. This argument was considered and rejected by the New York appellate court for the reason that petitioners must still show an interest sufficient to give them standing to participate. *Lavere*, 331 N.Y.S.2d at 142.

In the instant case, it is clear that Frank Hardie has a significant economic interest that is adversely affected by the zoning restriction. It stipulated to a planned expenditure of $30,000 to move its billboard and construct a new one, if allowed. Of course, a decision on whether a variance will be granted has never been made.

The authorities from other jurisdictions are supportive of the claim by others than real estate owners that their interests are important enough to be granted a right to at least apply for a zoning variance. Our statutes are more aligned with that claim than with a restrictive interpretation as urged by the zoning board. Also, the language used in Dubuque Code 5–3.5 by re-ferring to "structure involved" indicates a broader group to be permitted to apply than just real estate owners. Accordingly, we hold that pursuant to the authority of chapter 414 and the Dubuque Code adopted thereunder, a lessee may apply for a variance from a zoning regulation. Frank Hardie's application should have been accepted and processed.

The district court's denial of appellant's petition for writ of certiorari was error.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**